**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**                                                           **Case No. 6:26-cr-62-CEM-DCI**

**JUSTIN VANCOTT-HARNISH,**

     **Defendant.**

_____/

**UNOPPOSED MOTION TO WITHDRAW**
**AND SUBSTITUTION OF RETAINED COUNSEL**

The Federal Public Defender's Office, through undersigned counsel of record respectfully moves to withdraw from further representation of the above-named defendant, to terminate further notification of electronic filing(s) in this matter, and to substitute David L. Haas, as counsel of record, and as grounds therefore respectfully states the following:

1. On March 18, 2025, at Mr. Vancott-Harnish's initial appearance hearing, the Magistrate Court entered an Order Appointing Federal Public Defender. Doc. 9.

2. On March 20, 2026, David A. Hass, Esquire filed his Notice of Appearance in this case. Doc. 17.

3.  Undersigned counsel has conferred with Mr. Vancott-Harnish, who confirmed the retention of the aforementioned private counsel and expressed his consent to the withdrawal of undersigned counsel.

4.  Undersigned counsel has conferred with Kaley Austin-Aronson, the Assistant United States Attorney in this case, and she is authorized to state that the Government does not oppose the instant motion.

## MEMORANDUM OF LAW

The Sixth Amendment to the United States Constitution guarantees an accused the right to counsel and, if the accused is indigent and wishes counsel, an attorney must be appointed without cost. *Gideon v. Wainwright*, 372 U.S. 335 (1963). An accused also has the right to retain counsel of his or her own choice. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006) (Erroneous deprivation of a criminal defendant's choice of counsel is structural error under the Sixth Amendment). In that regard, Mr. Vancott-Harnish has retained the services of counsel of his choice. Dual representation of an accused by private counsel and the Federal Public Defender (FPD) is unwarranted and an unnecessary expenditure of finite funds. The services of the FPD should therefore be terminated pursuant to 18 U.S.C. § 3006A(c). ("If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel

or authorize payment as provided in subsection (f), as the interests of justice may dictate."). Local Rule 2.03 provides that no attorney shall withdraw as counsel without written leave of Court and notice to opposing counsel and to the defendant.

Wherefore, undersigned counsel respectfully moves to withdraw from further representation of Mr. Vancott-Harnish, for substitution of retained counsel, David A. Haas, Esquire to appear as counsel of record representing Mr. Vancott-Harnish in this case, and to terminate future notifications to undersigned counsel concerning this case.

Charles L. Pritchard, Jr.
Federal Defender, MDFL

*/s/Katherine Puzone*
Katherine Puzone, Esq.
Assistant Federal Defender
Florida Bar No. 94491
201 South Orange Avenue, Suite 300
Orlando, FL 32801
Phone: 407-648-6338
Fax: 407-648-6095
E-Mail: katherine_puzone@fd.org

-3-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Unopposed Motion to Withdraw and for Substitution of Retained Counsel* was submitted to the Clerk of Court using the CM/ECF system that will automatically send a notice of electronic filing to David A. Haas and Kaley Austin-Aronson, Assistant United States Attorney, this 25th day of March 2026.

/s/ Katherine Puzone
Katherine Puzone
Assistant Federal Defender

-4-